UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MCMURRAY,

    Plaintiff,

v.                                Case No. 13-10496

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
                                                /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 27, 2014, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court: grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and affirm the Commissioner of Social Security's decision to deny disability benefits to Plaintiff. On February 10, 2014, Plaintiff filed objections to the R&R. For the reasons discussed below, the court will overrule Plaintiff's objections and adopt the R&R in full.

**I. STANDARD**

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously

reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985) (footnote omitted). Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

### A.  Objection # 1

Plaintiff argues that the Magistrate Judge engaged in "impermissible *post hoc* analysis when determining that the ALJ properly analyzed and considered the entire record." (Pg. ID # 615.) Despite being labeled an objection to the Magistrate Judge's review of the entire record, Plaintiff only discusses the Magistrate Judge's analysis of Dr. Snow's medical records. Accordingly, the court treats Plaintiff's first objection as objecting solely to the Magistrate Judge's analysis of Dr. Snow's opinion.

Plaintiff asserts that because the ALJ did not discuss all of the evidence

supporting her decision, the Magistrate Judge erred by concluding that the ALJ's decision was consistent with Dr. Snow's treatment records as a whole.  Plaintiff argues that the Magistrate Judge conducted an impermissible *post hoc* analysis in violation of fundamental administrative law principles as articulated by the Supreme Court:

> [A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.  To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947).  However, as Defendant responds, "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) (citation and quotation marks omitted); *see also Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011); *Kornecky v. Comm. of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citing *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.4d 436, 453 (6th Cir. 1999)).

A review of the ALJ's decision reveals that she fully considered Dr. Snow's treatment records.  As the Magistrate Judge extensively discussed in his R&R, although the ALJ did not discuss every visit that Plaintiff had with Dr. Snow, her conclusion that Plaintiff's condition gradually improved is amply supported by the record.  Plaintiff's first objection is overruled.

**B.  Objection # 2**

3

Plaintiff raises a similar objection to the Magistrate Judge's review of the ALJ's credibility finding, arguing that the Magistrate Judge erred by discussing Plaintiff's inconsistent reports of side-effects from the medications he was taking. To the extent that Plaintiff argues that the Magistrate Judge's consideration of his reported side-effects constituted an impermissible *post hoc* analysis of his claim, the court notes that Plaintiff specifically challenged the ALJ's failure to consider his medication side-effects in his motion for summary judgment before the Magistrate Judge. (Pg. ID # 529–30.) Plaintiff cannot blow both hot and cold, first challenging the ALJ's alleged failure to consider his side-effects, then objecting to the Magistrate Judge's analysis of this argument as impermissible *post hoc* analysis. And as discussed in the R&R, the ALJ was not required to explain her consideration of Plaintiff's reported side effects in her written decision. *Hale v. Comm. of Soc. Sec.*, No. 10-10751, 2011 WL 1641892, at *3 (E.D. Mich. May 2, 2011). Lastly, the court agrees with the Magistrate Judge that substantial evidence supports the ALJ's credibility determination. Plaintiff's second objection is overruled.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 21] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 19] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the court GRANTS Defendant's motion for summary judgment [Dkt. # 16] and DENIES Plaintiff's motion for summary judgment

[Dkt. # 12].  A separate judgment will issue.

                                                  s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2014, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522